IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ELDRIDGE NICKSON, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-172 |
| MELENDA COLE, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action, brought pursuant to 42 U.S.C. § 1983. Defendant Melenda Cole has filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) and *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc).

Rule 12(e) allows a party to request a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must be evaluated in light of the requirement set forth in Rule 8(a) that the complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."

The complaint contains the following allegations concerning defendant Cole:

> 23. Moreover, the nurses at the jail had a policy, practice, and custom of failing to adequately evaluate inmates who were seen and often yielded to jail staff of supervising staff in ordering EMS transport for medically distressed inmates to lessen budgetary demands. Melenda Cole was consulted by the jail concerning the obvious symptoms of Mr. Bogany such as vomiting, severe headaches, and dizziness. According to the National Health Institute such symptoms are known indicators and established markers in the health profession as severe hypertension and possible onset of cerebellar hemorrhage. The ordering of two Tylenols and the limited and cursory advice to non-medical jailers was incompetent and reckless endangerment and deliberate indifference which predicated the wanton infliction of trauma and demise of Mr. Bogany. Melenda Cole and the medical staff was acting under color of law or complicit in the jail staff's custom or practice of interfering with inmates medical care and limiting outside medical costs.

Plaintiffs' Complaint at 8-9. These allegations are not vague or ambiguous. However, defendant Cole contends that the complaint should also address whether she had knowledge of a pre-existing condition or prior medical complaints or requests, the duration of the symptoms, and any worsening of symptoms. These additional facts are within the knowledge of the defendant, so the absence of the facts from the complaint should not impact defendant Cole's ability to prepare a response.

Defendant Cole also contends that plaintiffs should file a reply to her claim of qualified immunity. The district court has discretion to require the plaintiffs to reply to a qualified immunity defense. *Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434. At this stage of the proceedings, plaintiffs have alleged sufficient facts to state a claim that defendant Cole was deliberately indifferent to Antwaun Bogany's serious medical needs when she treated a brain hemorrhage with two Tylenol tablets, and that the medical care was objectively unreasonable in light of clearly established law. As a result, defendant Cole's *Schultea* motion should be denied. It is accordingly

**ORDERED** that defendant Melenda Cole's motion for a more definite statement under Rule 12(e) and *Schultea* (document no. 5) is **DENIED**.

**So Ordered and Signed**
**Sep 6, 2019**

_____
Ron Clark, Senior District Judge